## Stevens v. Baldy, Appellant.

*Promissory notes—Affidavit of defense — Signature — Married woman.*

In an action on a promissory note signed with the name of a married woman, an affidavit of defense is sufficient to prevent judgment which avers that the note was not signed by the defendant, but by her husband, and that this was done without the knowledge, consent, approval or ratification of the defendant, and without any pecuniary or other benefit or advantage to her. In such a case it is immaterial that the husband was the manager of the defendant's business in the absence of anything to show that he was authorized to sign her name to notes, and especially where it appears that the note in question was part of a complicated contract out of the ordinary course of business.

Argued March 5, 1917. Appeal, No. 46, March T., 1917, by defendant, from order of C. P. Columbia Co., Feb. T., 1916, No. 173, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Fred L. Stevens v. H. R. Baldy. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit on a promissory note. Before EVANS, P. J.
The note in suit was as follows:

Chicago, Ill., June 3, 1910.
For value received the undersigned promises to pay at Chicago, Ill., to the order of Puritan Mfg. Co. three hundred dollars, as follows:

$100—2 months after date (Pd. 9-7-10,

$100—4 months after date.

$100—6 months after date.

A discount of 5 per cent. will be allowed if the full amount of this instrument is paid at maturity of first installment.                    (Signed) H. R. BALDY.

P. O. Catawissa, Penna.        By ——————————

Endorsed as follows:

July. 7, 1910, pay First National Bank, Iowa City, Iowa, or order.        (Signed) Puritan Mfg. Co.

By M. H. Taylor.

Sept. 7-10 Pd. 100.00

Pay F. L. Stevens, or order

(Signed) First National Bank, Iowa City, Iowa.

Thos. Farrell, Cashier.

The affidavit of defense in substance averred:

(1) That the note sued upon was not a negotiable instrument.

(2) That the note was signed by Stephen Baldy, the husband of the defendant, without her knowledge, consent, approval, or ratification, and without pecuniary advantage to her.

(3) That the note was given to said company under a gambling or lottery contract conducted by it of which the plaintiff had notice, and knowledge before the note was delivered to him.

(4) That the note was obtained by fraud and deceit practiced upon the said Stephen Baldy by the payee therein and that the plaintiff had notice and knowledge of said fraud and deceit before and at the time said note was delivered to him.

(5) That the note was given to said company as part and in pursuance of a written or printed contract in restraint of trade and is therefore void as against public policy.

EVANS, P. J., made the rule absolute filing an opinion which was in part as follows:

"We think it clearly appears from a reading of the

145, (1917).] Opinion of Court below—Assignment of Error.

note that the same is a negotiable instrument within the meaning of the Act of May 16, 1901, P. L. 194, "Relating to negotiable instruments."

There is no doubt but what the note was signed by Stephen Baldy, the husband of H. R. Baldy, the defendant. The husband however was the general manager and agent for the wife and in charge of the business belonging to the wife. The note was given by the husband while in charge of and managing his wife's store business—and for the benefit of the business. The note was made payable in equal installments falling due two, four and six months after date. The amount of the first installment was paid Sept. 7, 1910,—approximately thirty days after the first installment came due, from funds belonging to the business of the wife.

In the twenty-seventh paragraph of the affidavit it is suggested that the note is void because of the fact that the defendant is a married woman, an implied admission at least, that the note had been signed by her husband and agent in the management of her business.

From a careful reading of the statement of the claim and the affidavit and supplemental affidavit of defense and the exhibits attached thereto we are not convinced that the note was given in connection with a gambling or lottery contract or that fraud or deceit were practiced upon Stephen Baldy or that the note was given in restraint of trade and therefore, void as against public policy, of which the plaintiff had notice prior to acquiring title thereto. The theory of all parties, prior to the request for payment was to stimulate and promote trade. Rule absolute.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*W. H. Rhawn,* with him *G. W. Moon,* for appellant.

*C. E. Geyer,* with him *C. J. Fisher,* for appellee.

OPINION BY HENDERSON, J., July 13, 1917:

The plaintiff brought suit to recover the amount of a promissory note alleged to have been signed by the defendant. The statement of claim sets forth a copy of the note from which it appears that it was made payable to the "Puritan Mfg. Co."; that it was endorsed by the payee to the First National Bank of Iowa City, Iowa, and by the latter to F. L. Stevens, the plaintiff. Judgment was entered by the court below in favor of the plaintiff for want of a sufficient affidavit of defense, from which judgment this appeal was taken. The affidavits of defense contain an express and positive averment that the note was not signed by the defendant but by her husband, Stephen Baldy, and that this was done without the knowledge, consent, approval or ratification of the defendant and without any pecuniary or other benefit or advantage to her. As the plaintiff's right to recover rests on the foundation fact as set forth in the statement that the note was signed by the defendant, a denial that it was so signed or that the act of her husband in signing her name was authorized, approved or ratified by her was a comprehensive and sufficient denial of the right of action. The affidavits of defense filed by the husband for the defendant contained a statement of the transaction which led to the making of the note by him from which it appears that the note was attached to and part of a contract in writing with reference to the sale of a piano and some jewelry in connection with a complicated scheme organized by the payee of the note according to which that company undertook to coöperate with the defendant in carrying on a contest for the piano as a prize. It is averred in the affidavits that both of the endorsees had knowledge of the fact that the note was a part of this contract and that the plaintiff was at the time a member of the "Puritan Mfg. Co." The opinion filed by the learned judge shows that he reached his conclusion from a determination that the husband was the manager of the defendant's store but the case is to be disposed of on the

145, (1917).] Opinion of the Court.

pleadings and we do not find anything therein from which it can be concluded that the husband had any authority to bind his wife by promissory notes to which he affixed her signature or by other contracts in writing entered into by him. The extent of the husband's authority is a matter of fact not disclosed in the case. Moreover, if it be assumed the husband had authority to conduct his wife's business it does not necessarily follow that he was impliedly authorized to enter into a scheme of the character disclosed by the contract attached to the affidavits of defense. That was not a transaction in the ordinary course of business nor one with respect to which authority would be necessarily implied. It is not advisable at this time to discuss the questions arising out of the character of the contract entered into between the Puritan Mfg. Co. and Stephen Baldy and attached to the affidavits of defense. If the husband was without authority to make the agreement and it has not been ratified by the defendant she is not liable thereunder. The quality of the contract may be a subject for discussion at another trial of the case.

The judgment is reversed and the record remitted to the court below for further proceedings.